**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| ANGELLA EVERETT<br>PLAINTIFF | §<br>§<br>§ | |
| VS. | §<br>§ | CIVIL ACTION NO. 4:26-cv-150-0 |
| NOVO PLATFORM INC.,<br>DEFENDANT | §<br>§<br>§<br>§ | |

## <u>DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS</u>

Defendant Novo Platform Inc. ("Defendant" or "Novo") files this reply to Plaintiff's response to Defendant's motion to dismiss and respectfully shows the Court as follows.

Plaintiff Angella Everett's response argues primarily two points: that her first action, Case No. 4:25-cv-01312-O-BP, against Novo in this Court on November 20, 2025 (the "First Action") was timely filed, and that her failure to comply with the Court's orders in the First Action was an extraordinary circumstance because, she says, she did not receive those orders. *See* Response, ECF No. 13-1, pp. 2, 4. But as it turns out, the First Action was *not* timely, and there are no facts or allegations that plausibly allege any extraordinary circumstance justifying application of the tolling exception in this case.

Plaintiff has now conceded that she received the EEOC Notice of Rights ("NRTS") on August 18, 2025, meaning she filed the First Action too late. *See* ECF No. 13-2, at ¶ 4 ("On August 18, 2025, at 4:26 PM, I received an email from the EEOC at my Gmail address…[which] constituted official notice of the EEOC's Dismissal and Notice of Rights…."; Exhibit 1 to Plaintiff's Response (Plaintiff's App. 4). Because Plaintiff received the NRTS on August 18, 2025, her deadline to file suit was November 17, 2025. But as Plaintiff also admits, the Clerk's Office received her Complaint in the First Action on November 19, 2025 and filed it on November 20,

2025. *See* ECF No. 13-2, at ¶¶ 6, 8; *see also* Plaintiff's App. 7–8 (Exhibit 2 to Plaintiff's Response, which includes the USPS Postage Receipt, Certified Mail Receipt, and Signed Return Receipt Card from Plaintiff's mailing of her complaint in the First Action). Thus, whether considering the NRTS Plaintiff received on August 18, 2025 or even accepting as true the (now-contradicted) allegations in the Complaint itself (*see* Compl., ¶ 10), the conclusion remains the same: First Action was still filed too late.[1]

This is because a pro se plaintiff's filings are not deemed filed as of the date the plaintiff mail them. "The civil complaint is considered filed when it is received by the Court, not when it is placed in the mail." *Jackson v. DX2 Grp. LLC*, No. 4:25-cv-689-JDK, 2025 U.S. Dist. LEXIS 229088, at *3 (E.D. Tex. Nov. 21, 2025) (citing *Hernandez v. Aldridge*, 902 F.2d 386, 388 (5th Cir. 1990)); *see Haddix v. Bisignano*, No. 25-11074, 2026 U.S. App. LEXIS 4213, at *3 (5th Cir. Feb. 11, 2026) (affirming dismissal of pro se plaintiff's complaint as untimely because, despite mailing date, court received complaint after deadline to file suit following the EEOC's notice of

---

[1] Novo asks the Court to take judicial notice of Everett's August 18, 2025 NRTS (Plaintiff's App. 4–5, Ex. 1), as well as the USPS Postage Receipt, the Certified Mail Receipt, and the Signed Return Receipt Card (Plaintiff's App. 7–8, Ex. 2), all of which she attached to her Response. The Court may take judicial notice of Everett's August 18, 2025 NRTS because it was incorporated into the Complaint by reference (*see* Compl., ¶ 10) and it is central to Everett's claims, including with respect to the equitable tolling allegations asserted in the Complaint. The Court may also take judicial notice of the USPS mailing documents Plaintiff attached to her Response because the information about the tracking number for Plaintiff's mailing of the complaint in the First Action is available on the U.S. Postal Service's website and thus the facts regarding the date the Court received Plaintiff's complaint in the First Action are not subject to reasonable dispute. *See* USPS Tracking, Tracking Number 9589071052702530558515, available at https://tools.usps.com/tracking/9589071052702530558515 (last visited June 24, 2026) (showing delivery at 11:26 am on November 19, 2025); *see also Mendoza v. Lakeview Loan Servicing, LLC*, No. 3:25-cv-00301, 2026 U.S. Dist. LEXIS 134742, at *3 (S.D. Tex. June 17, 2026) (explaining that "'Federal courts routinely take judicial notice that the USPS . . . stores tracking records related to certified mail for two years. When the tracking numbers at issue are within that two-year timeframe, courts also take judicial notice of the information about that tracking number found on the U.S. Postal Service's website.'") (quoting *GS Holistic, LLC v. Upferno Inc.*, No. 3:23-cv-249, 2025 U.S. Dist. LEXIS 111599, 2025 WL 1665182, at *2 (S.D. Tex. June 12, 2025) report and recommendation adopted, 2025 U.S. Dist. LEXIS 123893, 2025 WL 1785044 (S.D. Tex. June 27, 2025)); *Gray Dog Invs., LLC v. Capital Fund Reit, LLC*, No. 3:25-CV-0331-B, 2025 U.S. Dist. LEXIS 148028, at *9 (N.D. Tex. Aug. 1, 2025) (same).

**PAGE 2**

right to sue). Thus, because the Court received Plaintiff's complaint in the First Action after her deadline to file suit, that complaint was untimely.

In turn, because Plaintiff had already missed her filing deadline before she even filed the First Action, none of her arguments regarding her alleged diligence or extraordinary circumstances in connection with the First Action can justify equitable tolling. *See Tipping v. Garland Cadillac*, No. 3:21-CV-1403-G-BH, 2022 U.S. Dist. LEXIS 38536, at *14 (N.D. Tex. Feb. 9, 2022) (dismissing pro se plaintiff's claims as time barred where she failed to file within 90 days of receipt of the notice of right to sue and equitable tolling did not apply); *Abdelkadir v. Univ. Dist. Parking Assocs., Inc.*, No. C08-0869RSL, 2008 U.S. Dist. LEXIS 77045, at *9 n.4 (W.D. Wash. Sep. 30, 2008) ("[T]he limitations period had already run by the time the court sent out the next two orders, which plaintiff alleges he did not receive. Therefore, equitable tolling would not save his Title VII claim").

Moreover, even if the First Action had been timely, equitable tolling is still inapplicable. Plaintiff has conceded that "no order [was] returned as undeliverable" in the First Action without offering any plausible explanation for why she allegedly did not receive the Court's orders in the First Action. *See* Response, ECF No. 13-1, p. 4. Thus, even when viewed liberally given Plaintiff's pro se status, there is nothing in the First Action or this one that excuses Plaintiff's untimely filing. *See, e.g.*, *Catherine v. Razzoo's Bar & Patio*, No. 19-13221, 2021 U.S. Dist. LEXIS 48549, at *6 (E.D. La. Mar. 15, 2021) (applying presumption of receipt where "the record does not show that the mailed filing was returned as undeliverable"); *Pentland v. Saul*, No. 2:19-1263, 2020 U.S. Dist. LEXIS 55674, at *4 (W.D. Pa. Mar. 31, 2020) (rejecting pro se plaintiff's arguments in second action that "'there was an apparent flaw in communications' between the Court and Plaintiff's then-counsel" in first action and dismissing second untimely complaint with prejudice). Plaintiff's

conclusory assertions that she did not receive the Court's orders in the First Action need not be accepted as true and in any event are unavailing.

For the reasons stated here and in Novo's motion and supporting brief, Novo requests that Everett's ADA and Texas Labor Code claims be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state any claim upon which relief may be granted, and that Novo be awarded any such and other relief to which it may be entitled, both at law and in equity.

Respectfully submitted,

/s/ *Sara K. Harris*
Sara K. Harris
State Bar No. 24077389
Lauren Azopardi
State Bar No. 24115877
JACKSON WALKER LLP
777 Main Street, Ste. 2100
Fort Worth, Texas 76102-5360
Telephone – 817-334-7294
sharris@jw.com
lazopardi@jw.com
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

This is to certify that on June 25, 2026, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court and served Plaintiff, pro se, as follows:

Angella Everett                     CMRRR 9414 7266 2231 5550 33
Plaintiff Pro Se                    REGULAR MAIL AND
1209 N. Saginaw Blvd. Ste G #145    EMAIL TRANSMISSION
Saginaw, Texas 76179                Aevere04@gmail.Com

/s/ *Sara K. Harris*
Sara K. Harris

DEFENDANT'S REPLY
55515650