**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| ANGELLA EVERETT, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Civil Action No. 4:26-cv-00150-O-BP |
| | § | |
| NOVO PLATFORM INC., | § | |
| | § | |
| **Defendant.** | § | |

## ORDER

Before the Court are the Motion to Dismiss, Brief in Support, and Appendix in Support that Defendant Novo Platform Inc. ("Novo") filed on May 20, 2026 (ECF Nos. 7-9), the response *pro se* Plaintiff Angella Everett filed on June 11, 2026 (ECF No. 13), and the reply that Novo filed on June 25, 2026 (ECF No. 14). Additionally before the Court are the Motion for Leave to File Sur-Reply and Brief in Support that Everett filed on July 13, 2026 (ECF Nos. 16-17) and the response that Novo filed on July 16, 2026 (ECF No. 18).

A review of Novo's Motion to Dismiss indicates that Novo has raised several potentially meritorious reasons why the Court should dismiss some or all of Everett's claims. However, as Everett is proceeding *pro se*, the Court will give her an opportunity to amend her complaint to plead her "best case" prior to considering Defendant's Motion. *See*, *e.g.*, *Dark v. Potter*, 293 F. App'x 254, 257 (5th Cir. 2008) ("While a precise definition of a plaintiff's 'best case' is elusive, this court often assumes a plaintiff asserts its best case after the plaintiff is 'apprised of the insufficiency' of the complaint."). Everett has not amended her complaint in this matter before, and "[g]enerally a district court errs in dismissing a *pro se* complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend." *Bazrowx v. Scott*, 136

F.3d 1053, 1054 (5th Cir. 1998). Additionally, Everett seeks leave to respond to what she contends are "matters raised for the first time" in Novo's reply. *See* ECF No. 16 at 1. An amended complaint may solve both issues.

Accordingly, the Court now **ORDERS** that **on or before August 6, 2026,** Everett shall file an amended pleading entitled "Plaintiff's First Amended Complaint" in compliance with the pleading requirements of Federal Rule of Civil Procedure 8(a), as explained and clarified by the Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and the Local Civil Rules of this Court ("Local Civil Rules"). The Local Civil Rules can be accessed online at the following address: http://www.txnd.uscourts.gov/civil-rules. In addition, the First Amended Complaint shall stand on its own and contain all allegations and attachments, if any, in one document. The First Amended Complaint shall not incorporate by reference any other documents, and it will supersede (take the place of) Everett's previous complaint (ECF No. 1). The Court cautions Everett that failure to comply with this Order will result in the Court's ruling on Novo's pending Motion to Dismiss without considering a further amended pleading from her.

It is so **ORDERED** on July 16, 2026.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

2