**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| ANGELLA EVERETT<br>PLAINTIFF | §<br>§<br>§ | |
| VS. | § | CIVIL ACTION NO. 4:26-cv-150-0 |
| NOVO PLATFORM INC.,<br>DEFENDANT | §<br>§<br>§<br>§ | |

# DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Respectfully submitted,

/s/ *Sara K. Harris*

Sara K. Harris
State Bar No. 24077389
Lauren Azopardi
State Bar No. 24115877
JACKSON WALKER LLP
777 Main Street, Ste. 2100
Fort Worth, Texas 76102-5360
Telephone – 817-334-7294
sharris@jw.com
lazopardi@jw.com
**ATTORNEYS FOR DEFENDANT**

## TABLE OF CONTENTS


I. **Introduction** ........ 1

II. **Procedural History and Background Facts** ........ 2

III. **Standard of Review** ........ 3

IV. **Argument & Authorities** ........ 6

- A. **Everett's ADA Claims Are Time Barred.** ........ 6
  - 1. **Everett's Amended Complaint establishes that her deadline to file suit was November 17, 2025.** ........ 6
  - 2. **This action is untimely on its face and the First Action does not toll limitations.** ........ 7
- B. **No Equitable Tolling Theory Can Save Everett's Federal Claims.** ........ 7
  - 1. **Everett's pleaded tolling grounds post-date the expiration of limitations and do not support tolling.** ........ 8
  - 2. **Lack of prejudice to Novo is not a basis for tolling.** ........ 10
  - 3. **Everett's ADA claims should be dismissed with prejudice.** ........ 10
- C. **The Court Should Decline to Exercise Supplemental Jurisdiction Over Everett's State Law Claims.** ........ 10

IV. **Conclusion** ........ 13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abdelkadir v. Univ. Dist. Parking Assocs., Inc.*,
No. C08-0869RSL, 2008 U.S. Dist. LEXIS 77045 (W.D. Wash. Sep. 30, 2008) ....................9

*Adams v. DaimlerChrysler Services NA LLC*,
252 Fed. App'x 681 (5th Cir. 2007) ....................4

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)....................4

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)....................4

*Boyd v. AT&T Mobility Servs. LLC*,
No. 3:23-CV-2882-D, 2024 U.S. Dist. LEXIS 153444 (N.D. Tex. Aug. 27, 2024) ....................6

*Catherine v. Razzoo's Bar & Patio*,
No. 19-13221, 2021 U.S. Dist. LEXIS 48549 (E.D. La. Mar. 15, 2021) ....................9

*Cuvillier v. Taylor*,
503 F.3d 397 (5th Cir. 2007) ....................4

*Gray Dog Invs., LLC v. Capital Fund Reit, LLC*,
No. 3:25-CV-0331-B, 2025 U.S. Dist. LEXIS 148028 (N.D. Tex. Aug. 1, 2025) ....................5

*Haddix v. Bisignano*,
No. 25-11074, 2026 U.S. App. LEXIS 4213 (5th Cir. Feb. 11, 2026) ....................7, 8

*Hill v. Aer Mfg*.,
No. 3:25-cv-1932-G-BN, 2025 U.S. Dist. LEXIS 221876 (N.D. Tex. Oct. 9, 2025) ....................5

*Holloway v. Archstone Dental-Hulen, PLLC*,
No. 3:24-CV-2338-BK, 2025 U.S. Dist. LEXIS 11909 (N.D. Tex. Jan. 23, 2025) ....................10

*Jackson v. DX2 Grp. LLC*,
No. 4:25-cv-689-JDK, 2025 U.S. Dist. LEXIS 229088 (E.D. Tex. Nov. 21, 2025) ....................7, 8

*January v. Tex. Dep't of Criminal Justice*,
760 F. App'x 296 (5th Cir. 2019) ....................6

*King v. Life Sch.*,
809 F. Supp. 2d 572 (N.D. Tex. 2011) ....................5

*Lampkin v. Staffmark Holdings, Inc.*,
No. 4:12-cv-03400, 2013 WL 4735535 (S.D. Tex. Sept. 3, 2013) ....................5

*Luna-Acosta v. Tarrant Cty. Coll. Dist.*,
No. 4:25-CV-00008-O, 2025 U.S. Dist. LEXIS 227455 (N.D. Tex. Nov. 19, 2025) ....................11

*Mendoza v. Lakeview Loan Servicing, LLC*,
No. 3:25-cv-00301, 2026 U.S. Dist. LEXIS 134742 (S.D. Tex. June 17, 2026) ....................5

*Pentland v. Saul*,
No. 2:19-1263, 2020 U.S. Dist. LEXIS 55674 (W.D. Pa. Mar. 31, 2020) ....................9

*Phillips v. Caris Life Scis., Inc.*,
715 F. App'x 365 (5th Cir. 2017) ....................12

*Phoneternet, LLC v. LexisNexis Risk Sols., Inc.*,
No. 3:18-CV-1719-L, 2019 WL 4748271 (N.D. Tex. Sept. 30, 2019), aff'd sub nom. 2020 WL 3025219 (5th Cir. June 3, 2020) ....................11

*Sonnier v. State Farm Mut. Auto. Ins. Co.*,
509 F.3d 673 (5th Cir. 2007) ....................4

*Stripling v. Jordan Prod. Co.*,
234 F.3d 863 (5th Cir. 2000) ....................10

*Taylor v. Books A Million, Inc.*,
296 F.3d 376 (5th Cir. 2002) ....................6

*Thompson v. Deutsche Bank Nat. Tr. Co.*,
775 F.3d 298 (5th Cir. 2014) ....................4

*Tipping v. Garland Cadillac*,
No. 3:21-CV-1403-G-BH, 2022 U.S. Dist. LEXIS 38536 (N.D. Tex. Feb. 9, 2022) ....................9

*Trevino v. Mouser Elecs.*,
No. 4:22-CV-610-P, 2023 U.S. Dist. LEXIS 103192 (N.D. Tex. May 11, 2023) ....................12

*Turner v. Johnson*,
177 F.3d 390 (5th Cir. 1999) ....................4

*Ukpong v. Int'l Leadership of Tex.*,
No. 21-11111, 2022 U.S. App. LEXIS 28431 (5th Cir. Oct. 12, 2022) ................................6, 8

*Urbina v. Spellman High-Voltage Elecs. Corp.*,
No. 1:25-cv-100, 2026 U.S. Dist. LEXIS 53875 (S.D. Tex. Jan. 22, 2026)............................12

*Vaxter v. UPS*,
Civil Action No. 4:22-cv-00365-O-BP, 2022 U.S. Dist. LEXIS 235692 (N.D. Tex. Dec. 22, 2022)..........................................................................................................7

*Ward v. City of Dall.*,
Civil Action No. 3:06-CV-0145-D, 2006 U.S. Dist. LEXIS 88165 (N.D. Tex. Dec. 6, 2006)..............................................................................................................7

*West v. R&K Enter. Solutions*,
No. 3:23-cv-1371-G-BN, 2024 U.S. Dist. LEXIS 150649, 2024 WL 3891533 (N.D. Tex. July 19, 2024) ..........................................................................................5

*Wilson v. Sec'y, Dep't of Veterans Affs.*,
65 F.3d 402 (5th Cir. 1995) ..........................................................................................7, 8

*Woods v. Teamsters Local 767*,
No. 4:18-cv-00218-BP, 2020 WL 6203567 (N.D. Tex. Oct. 22, 2020) ...................................5

*Wright v. Arlington Indep. Sch. Dist.*,
No. 4:19-cv-00278-P, 2019 U.S. Dist. LEXIS 203732 (N.D. Tex. Nov. 25, 2019) ......................................................................................................................6

*Young v. Domtar Paper Co., LLC*,
No. 1:11CV236-SA-DAS, 2012 U.S. Dist. LEXIS 81634 (N.D. Miss. June 13, 2012) ....................................................................................................................10

**Statutes**

Americans with Disabilities Act. ........................................................................... *passim*

Texas Labor Code ............................................................................................... *passim*

Fed. R. Civ. P. 8(a)(2)..........................................................................................................3

Fed. R. Civ. P. 12(b)(6)....................................................................................................4, 12

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ANGELLA EVERETT<br>PLAINTIFF | § <br>§ <br>§ | |
| VS. | § | CIVIL ACTION NO. 4:26-cv-150-0 |
| NOVO PLATFORM INC.,<br>DEFENDANT | § <br>§ <br>§ <br>§ | |

**DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Novo Platform Inc. ("Defendant" or "Novo") files this Brief in Support of its Motion to Dismiss Plaintiff Angella Everett's First Amended Complaint (the "Amended Complaint").

## I. Introduction

This is an employment case in which pro se Plaintiff Angella Everett ("Everett" or "Plaintiff") alleges disability discrimination (including hostile work environment), failure to accommodate, and retaliation under the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. (the "ADA"), and Chapter 21 of the Texas Labor Code. *See* Amended Complaint, ECF. No. 20 ("Am. Compl.").

As discussed below, Everett's Amended Complaint should be dismissed with prejudice. Everett now expressly alleges that she received the EEOC's Determination and Notice of Rights (the "NRTS") on Monday, August 18, 2025. Am. Compl. ¶ 12. She also pleads (accurately) that her 90-day deadline to file suit expired on Monday, November 17, 2025. *Id.* at ¶ 13. And Everett concedes that the Clerk did not receive her complaint in Case No. 4:25-cv-01312-O-BP (the "First Action") until November 19, 2025, and did not file it until the next day. *Id.* at ¶¶ 18–21. These admissions are dispositive because the First Action – the filing on which Everett's entire tolling

theory depends – was itself untimely. Accordingly, because Everett missed her filing deadline before she filed the First Action, none of the equitable tolling grounds she pleads can save her federal law claims. In turn, once Everett's federal claims are dismissed, the Court should decline to exercise supplemental jurisdiction over her state law claims.

## II. Procedural History and Background Facts

Everett, a former Novo employee, has alleged in the Amended Complaint that she was effectively demoted on or around January 17, 2024. Am. Compl., at ¶ 32. She admits she did inquire about ADA paperwork or seek accommodation guidance from Novo until "on or about February 23, 2024." *Id.* at ¶ 80. Everett also admits she applied for and was granted short-term disability leave in early March 2024 (within weeks of her request for accommodation) and subsequently transitioned to long-term disability ("LTD") leave. *See id.*, at ¶¶ 88, 91. On November 15, 2024, Everett was terminated due to a reduction in force. Am. *id.*, at ¶¶ 95, 98.

As pleaded in the Complaint, on July 23, 2024, Everett filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") (Charge No. 520-2024-02399). *See* Am. Compl., ¶ 9. The Charge is attached to the Amended Complaint. *Id.* & Ex. 1 to Am. Compl. Everett alleges in her Charge that the latest date any discrimination took place was June 27, 2024. *See* Am. Compl. at Ex. 1 (page 35). At the time Everett filed the Charge, she was still employed by Novo. *See generally*, Am. Compl.

The EEOC issued Everett the NRTS on August 18, 2025. *See* Am. Compl., ¶ 11. Everett admits she received the NRTS that same day, at 4:26 PM. *See id.* at ¶ 12. The NRTS and the email Everett received transmitting it are also attached to her Amended Complaint as Exhibits 2 and 3.[1]

[1] Plaintiff's Exhibits 2 and 3 appear to be the same document – the EEOC's transmittal email – despite different exhibit labeling and numbering. For clarity, Defendant has also included the NRTS in its Appendix. *See* App. 23–27.

Accordingly, as Everett also pleaded, Everett's 90-day federal filing deadline expired on November 17, 2025. *Id.* at ¶ 13.

Prior to filing this lawsuit, Plaintiff filed the First Action, Case No. 4:25-cv-01312-O-BP, against Novo in this Court. *See* App. 1–3 (Exhibit A, Declaration of Sara Harris); App. 4–9 (Exhibit A-1). Everett mailed her complaint in the First Action on November 17, 2025. Am. Compl., ¶ 18. The Clerk's Office received that complaint on November 19, 2025, and filed it on November 20, 2025. *Id.* at ¶¶ 19, 21; *see* Am. Compl. at Exs. 4 and 5. On November 24, 2025, the Magistrate Judge entered an Order and Notice of Deficiency directing Everett to pay the filing fee or submit a long-form *in forma pauperis* application by December 8, 2025. *Id.* at ¶ 23; *see* App. 10–16 (Exhibit A-2). Everett did neither and on January 5, 2026, the Court dismissed the First Action without prejudice under Rule 41(b).; App. 17–20 (Exhibit A-3); App. 21–22 (Exhibit A-4); Am. Compl., ¶ 27.

Everett then filed this action on February 12, 2026. *See* ECF No. 1. On July 16, 2026, the Court ordered Everett to file an amended complaint, which she did on August 6, 2026.

Everett has never pleaded that she filed any new, amended, or supplemental charge with the EEOC or the Texas Workforce Commission Civil Rights Division ("TWCCRD") after July 24, 2024. And she now affirmatively pleads that the TWCCRD never issued her any notice of right to file a civil action. Am. Compl., ¶ 14. Instead, the email correspondence she attaches to her Amended Complaint confirms that Everett's charge "was filed with the EEOC" and that the TWCCRD "had no oversight of the investigation *or records of the matter*." *Id.* at ¶ 15 (emphasis added); Am. Compl. at Ex. 9 (page 55).

## III. <u>Standard of Review</u>

The Federal Rules of Civil Procedure require "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). If a plaintiff fails to satisfy

Rule 8(a), the defendant may file a motion to dismiss the plaintiff's claims for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). In reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co*., 509 F.3d 673, 675 (5th Cir. 2007).

A statute of limitations defense may serve to support dismissal under Rule 12(b)(6) "where it is evident from the plaintiff's pleading that the action is [time] barred and the pleadings fail to raise some basis for tolling or the like." *Thompson v. Deutsche Bank Nat. Tr. Co.*, 775 F.3d 298, 302 (5th Cir. 2014); *see Adams v. DaimlerChrysler Services NA LLC*, 252 Fed. App'x 681, 683 (5th Cir. 2007).

Rule 12(b)(6) also requires dismissal when the complaint does not set forth specific factual grounds that "raise a right to relief above the speculative level." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007)). The complaint must contain more than labels and conclusions or a formulaic recitation of the elements of a cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In sum, complaints "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Further, a plaintiff's *pro se* status does not excuse compliance with applicable filing deadlines or pleading requirements. *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (equitable tolling applies "only in rare and exceptional circumstances" and "neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling").

In deciding a Rule 12(b)(6) motion, a court can consider the plaintiff's EEOC Charge and Dismissal and Notice of Rights without converting the motion into one for summary judgment,

because such documents are part of the agency's administrative record, which is a public record. *Lampkin v. Staffmark Holdings, Inc.*, No. 4:12-cv-03400, 2013 WL 4735535, at *2 n.15 (S.D. Tex. Sept. 3, 2013); *King v. Life Sch.*, 809 F. Supp. 2d 572, 578 (N.D. Tex. 2011) ("In addition, documents 'attache[d] to a motion to dismiss are considered part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim.'"); *Woods v. Teamsters Local 767*, No. 4:18-cv-00218-BP, 2020 WL 6203567, at *5 (N.D. Tex. Oct. 22, 2020) ("The Court considers this exhibit part of the pleadings because it directly relates to the charges made in the Amended Complaint and the right to sue letter attached."). Here, the Court can take judicial notice of Everett's First Action, her Charge of Discrimination, and the NRTS because each is a matter of public record.[2] Further, Plaintiff attached the Charge, the NRTS, the EEOC's transmittal email, and documents relating to her mailing and the Court's receipt of the First Action Complaint to her Amended Complaint,[3] and references these documents throughout it. Moreover, the First Action, the Charge, and the NRTS are central to Everett's claims, including with respect to her equitable tolling argument asserted here. *See Hill v. Aer Mfg.*, No. 3:25-cv-1932-G-BN, 2025 U.S. Dist. LEXIS 221876, at *7-8 (N.D. Tex. Oct. 9, 2025); *West v. R&K Enter. Solutions*, No. 3:23-cv-1371-G-BN, 2024 U.S. Dist. LEXIS 150649, 2024 WL 3891533, at *5 (N.D. Tex. July 19, 2024);

---

[2] Novo asks that the Court take judicial notice of Everett's First Action (including the complaint and orders therein), EEOC Charge, and the NRTS.

[3] The Court may also take judicial notice of the USPS mailing documents Plaintiff attached to her Response because the information about the tracking number for Plaintiff's mailing of the complaint in the First Action is available on the U.S. Postal Service's website and thus the facts regarding the date the Court received Plaintiff's complaint in the First Action are not subject to reasonable dispute. See USPS Tracking, Tracking Number 9589071052702530558515, available at https://tools.usps.com/tracking/9589071052702530558515 (last visited August 24, 2026) (showing delivery at 11:26 am on November 19, 2025); *see also Mendoza v. Lakeview Loan Servicing, LLC*, No. 3:25-cv-00301, 2026 U.S. Dist. LEXIS 134742, at *3 (S.D. Tex. June 17, 2026) (explaining that "'Federal courts routinely take judicial notice that the USPS . . . stores tracking records related to certified mail for two years. When the tracking numbers at issue are within that two-year timeframe, courts also take judicial notice of the information about that tracking number found on the U.S. Postal Service's website.'") (quoting *GS Holistic, LLC v. Upferno Inc.*, No. 3:23-cv-249, 2025 U.S. Dist. LEXIS 111599, 2025 WL 1665182, at *2 (S.D. Tex. June 12, 2025) report and recommendation adopted, 2025 U.S. Dist. LEXIS 123893, 2025 WL 1785044 (S.D. Tex. June 27, 2025)); *Gray Dog Invs., LLC v. Capital Fund Reit, LLC*, No. 3:25-CV-0331-B, 2025 U.S. Dist. LEXIS 148028, at *9 (N.D. Tex. Aug. 1, 2025) (same).

*Wright v. Arlington Indep. Sch. Dist.*, No. 4:19-cv-00278-P, 2019 U.S. Dist. LEXIS 203732, at *5–6 (N.D. Tex. Nov. 25, 2019) ("[I]t is well-settled that a court may take judicial notice of its own records or of those of inferior courts.").

## IV. Argument & Authorities

### A. Everett's ADA Claims Are Time Barred.

#### 1. Everett's Amended Complaint establishes that her deadline to file suit was November 17, 2025.

Under the ADA, a plaintiff has 90 days to bring suit in federal court after receipt of a statutory notice of right to sue from the EEOC. *See January v. Tex. Dep't of Criminal Justice*, 760 F. App'x 296, 297 (5th Cir. 2019) (citing 42 U.S.C. § 12117(a)). This 90-day period, which is treated as a statute of limitations, commences "when the notice of right-to-sue is received at the address supplied to the EEOC by the claimant" and is strictly construed. *See id.*; *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002). The fact that Everett is proceeding *pro se* does not impact this framework. "The liberal construction given to pro se pleadings does not mean liberal deadlines." *Ukpong v. Int'l Leadership of Tex.*, No. 21-11111, 2022 U.S. App. LEXIS 28431, at *9 (5th Cir. Oct. 12, 2022). *See Boyd v. AT&T Mobility Servs. LLC*, No. 3:23-CV-2882-D, 2024 U.S. Dist. LEXIS 153444, at *6 (N.D. Tex. Aug. 27, 2024) (dismissing pro se plaintiff's ADA claims where lawsuit was filed "at least one day too late").

Everett pleads the EEOC issued the NRTS on August 18, 2025, and that she received it the same day. Am. Compl., ¶¶ 11–12. She then pleads – accurately – that the 90-day deadline to file suit expired on November 17, 2025. *Id.* at ¶ 13. Everett also concedes that she did not file anything on or before November 17, 2025 and admits she only mailed her First Action complaint on that day. *See id.* ¶¶ 19–21. Everett's concession – "Plaintiff does not contend, and has never contended, that mailing constitutes filing" – is also accurate and dispositive here. *See id.* at ¶ 20.

A pro se plaintiff's filings are not deemed filed as of the date the plaintiff mail them. "The civil complaint is considered filed when it is received by the Court, not when it is placed in the mail." *Jackson v. DX2 Grp. LLC*, No. 4:25-cv-689-JDK, 2025 U.S. Dist. LEXIS 229088, at *3 (E.D. Tex. Nov. 21, 2025) (citing *Hernandez v. Aldridge*, 902 F.2d 386, 388 (5th Cir. 1990)); *see Haddix v. Bisignano*, No. 25-11074, 2026 U.S. App. LEXIS 4213, at *3 (5th Cir. Feb. 11, 2026) (affirming dismissal of pro se plaintiff's complaint as untimely because, despite mailing date, court received complaint after deadline to file suit following the EEOC's notice of right to sue). Thus, because the Court received Everett's complaint in the First Action two days after her deadline to file suit, that complaint was untimely. This is true even accepting Everett's own allegations.

#### 2. This action is untimely on its face and the First Action does not toll limitations.

Everett filed this action on February 12, 2026 – approximately 87 days after her deadline to file suit. This action is therefore untimely on its face – a reality Everett does not contest. It is well established that "the dismissal of a timely filed complaint does not toll the ninety-day limitations period for a subsequent suit." *See Vaxter v. UPS*, Civil Action No. 4:22-cv-00365-O-BP, 2022 U.S. Dist. LEXIS 235692, at *6–7 (N.D. Tex. Dec. 22, 2022); *Ward v. City of Dall.*, Civil Action No. 3:06-CV-0145-D, 2006 U.S. Dist. LEXIS 88165, at *9 (N.D. Tex. Dec. 6, 2006). Accordingly, the late First Action cannot toll limitations.

### B. <u>No Equitable Tolling Theory Can Save Everett's Federal Claims</u>.

The doctrine of "equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *Vaxter*, 2022 U.S. Dist. LEXIS 235692, at *7. "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting her rights." *Id.*; *see Wilson v. Sec'y, Dep't of Veterans Affs.*, 65 F.3d 402, 404 (5th Cir. 1995) (outlining "three possible

bases for tolling: (1) the pendency of a suit between the same parties in the wrong forum; (2) plaintiff's unawareness of the facts giving rise to the claim because of the defendant's intentional concealment of them; and (3) the EEOC's misleading the plaintiff about the nature of her rights."). Here, Everett bears the burden to plausibly plead equitable tolling. Her own allegations defeat the application of that doctrine.

**1. Everett's pleaded tolling grounds post-date the expiration of limitations and do not support tolling.**

Everett pleads equitable tolling on three grounds: "[t]imely dispatch within the 90-day window" (i.e., that the court should, contrary to established precedent, treat the mailing date as her filing date); "[t]he recorded address error and its consequences"; and "[d]iligent pursuit and the ECF No. 11 refile signpost." *See* Am. Compl. ¶¶ 17–30.

Everett's first ground for tolling – "[t]imely dispatch within the 90-day window" – fails on its own terms. *See* Am. Compl., Section V.A. and ¶ 20. The "brief gap between dispatch and the Clerk's docketing" is not a basis for tolling, regardless of whether Everett mailed the complaint on the date of the deadline or lacked the ability to file electronically. *See id.* Everett's decision to wait until November 17, 2025 to mail her complaint in the First Action was entirely within her control; she has not pleaded any facts suggesting (1) the pendency of another suit in the wrong forum, (2) she was misled by Novo, (3) that the EEOC's notice was somehow deficient or misleading, or (4) she had been pursuing her rights diligently in some other way but was prevented from timely filing due to some extraordinary issue outside her control. *See Wilson*, 65 F.3d at 404. The law is clear that mailing is not filing. *See Jackson*, 2025 U.S. Dist. LEXIS 229088, at *3; *Haddix*, 2026 U.S. App. LEXIS 4213, at *3. Neither Everett's inability to e-file nor her lack of experience with the legal process merit tolling. *See Ukpong*, 2022 U.S. App. LEXIS 28431, at *9.

Everett's additional allegations to support tolling – "[t]he recorded address error and its

consequences" and "[d]iligent pursuit and the ECF No. 11 refile signpost" – are also unavailing. Because Everett had *already* missed her filing deadline before she even filed the First Action, none of her allegations regarding her alleged diligence or extraordinary circumstances in connection with the First Action can justify equitable tolling. *See Tipping v. Garland Cadillac*, No. 3:21-CV-1403-G-BH, 2022 U.S. Dist. LEXIS 38536, at *14 (N.D. Tex. Feb. 9, 2022) (dismissing pro se plaintiff's claims as time barred where she failed to file within 90 days of receipt of the notice of right to sue and equitable tolling did not apply); *Abdelkadir v. Univ. Dist. Parking Assocs., Inc.*, No. C08-0869RSL, 2008 U.S. Dist. LEXIS 77045, at *9 n.4 (W.D. Wash. Sep. 30, 2008) ("[T]he limitations period had already run by the time the court sent out the next two orders, which plaintiff alleges he did not receive. Therefore, equitable tolling would not save his Title VII claim"). The mailing address errors Everett alleges prevented her from receiving the Court's orders relate to orders entered in the First Action – *after* her November 17, 2025 deadline to file suit had already run. Everett's January and February 2026 efforts to reopen the First Action also post-dated her late filing of that complaint. Thus, even when viewed liberally given Plaintiff's pro se status, Everett has not plausibly alleged any facts that could excuse her untimely filing.

Even if Everett's tolling allegations were not foreclosed by the timeline here, they would still fail. She alleges the Court's mailed orders never reached her (Am. Compl. ¶¶ 22–25), but does not allege that any order was returned as undeliverable. Courts apply a presumption of receipt in such circumstances. *See, e.g.*, *Catherine v. Razzoo's Bar & Patio*, No. 19-13221, 2021 U.S. Dist. LEXIS 48549, at *6 (E.D. La. Mar. 15, 2021) (applying presumption of receipt where "the record does not show that the mailed filing was returned as undeliverable"); *Pentland v. Saul*, No. 2:19-1263, 2020 U.S. Dist. LEXIS 55674, at *4 (W.D. Pa. Mar. 31, 2020) (rejecting pro se plaintiff's arguments in second action that "'there was an apparent flaw in communications' between the

Court and Plaintiff's then-counsel" in first action and dismissing second untimely complaint with prejudice). In any event, these allegations are also conclusory and need not be accepted as true.

**2. Lack of prejudice to Novo is not a basis for tolling.**

Everett also alleges that Novo "suffered no prejudice from this timing…." Am. Compl. ¶ 30. But absence of prejudice is not a basis for equitable tolling here. "Although absence of prejudice is a factor to be considered in determining whether the doctrine of equitable tolling should apply *once a factor that might justify such tolling is identified*, it is not an independent basis for invoking the doctrine and sanctioning deviations from established procedures." *Young v. Domtar Paper Co., LLC*, No. 1:11CV236-SA-DAS, 2012 U.S. Dist. LEXIS 81634, at *16 (N.D. Miss. June 13, 2012) (quoting *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152, 104 S. Ct. 1723, 1726 (1984)) (emphasis added). Equitable tolling is inapplicable and Everett's ADA claims are time-barred.

**3. Everett's ADA claims should be dismissed with prejudice.**

Because Everett's ADA claims asserted in the Amended Complaint depend on a suit filed within 90 days of the August 18, 2025 NRTS, all of these claims are time barred. Amendment cannot cure Everett's late filing, so leave to amend would be futile. *See Stripling v. Jordan Prod. Co*., 234 F.3d 863, 873 (5th Cir. 2000); *Holloway v. Archstone Dental-Hulen, PLLC*, No. 3:24-CV-2338-BK, 2025 U.S. Dist. LEXIS 11909, at *6 n.3 (N.D. Tex. Jan. 23, 2025) (dismissing case and noting that "granting leave to amend with respect to her state law claim appears futile and, thus, is not warranted.") (internal citation omitted). Dismissal with prejudice is accordingly appropriate.

**C. The Court Should Decline to Exercise Supplemental Jurisdiction Over Everett's State Law Claims.**

Everett's Chapter 21 Texas Labor Code claims rest entirely on supplemental jurisdiction.

*See* Am. Compl. ¶ 5. Everett has pleaded that the TWCCRD never issued her any notice of right to file a civil action. Am. Compl., ¶ 14. Additionally, the email correspondence attached to the Amended Complaint indicates the EEOC charge was not actually dual filed, and that the TWCCRD has no record of it. In that email, Alex Stewart, the TWCCRDS's Employment Intake Supervisor, wrote that Charge No. 520-2024-02399 "was filed with the EEOC" and that the TWCCRD "had no oversight of the investigation ***or records of the matter***." *Id.* at ¶ 15 (emphasis added); Am. Compl. at Ex. 9 (page 55).

Everett's Exhibit 9 to the Amended Complaint thus undercuts the very allegation it was offered to support – that her charge was "dual filed with the Texas Workforce Commission Civil Rights Division." *Id.* at ¶ 9. Instead, that correspondence shows the TWCCRD had no file, no records, and no investigative role in the matter, and issued no notice. The Court need not accept an allegation contradicted by the plaintiff's own allegations. *See Phoneternet, LLC v. LexisNexis Risk Sols., Inc*., No. 3:18-CV-1719-L, 2019 WL 4748271, at *9 (N.D. Tex. Sept. 30, 2019), aff'd sub nom. 2020 WL 3025219 (5th Cir. June 3, 2020) (court "may not accept as true…allegations that are contradicted by other allegations within its own Complaint").

Accordingly, because Everett's federal claims must be dismissed, this Court should decline to exercise supplemental jurisdiction over her state law claims. "The Fifth Circuit has stated that courts should generally decline to exercise supplemental jurisdiction over state-law claims when all federal claims have been dismissed." *Luna-Acosta v. Tarrant Cty. Coll. Dist*., No. 4:25-CV-00008-O, 2025 U.S. Dist. LEXIS 227455, at *9 (N.D. Tex. Nov. 19, 2025) (dismissing disability discrimination claims under Texas Labor Code § 21.051). That general rule applies with particular force here. Everett's federal claims are time-barred. What would remain is Texas Labor Code claims that the TWCCRD never investigated, and whose timeliness Everett proposes to litigate

under the Texas Labor Code Section 21.256 two-year outer limitations period, rather than any federal deadline. Those are questions of Texas law that belong in Texas court.

In the alternative, Everett's Chapter 21 claims fail due to failure to exhaust and limitations. As with ADA claims, the filing of a timely administrative charge is a condition precedent to filing a lawsuit for discrimination or retaliation under the Texas Labor Code. Specifically, Everett was required to file a charge with either the TWC or the EEOC "not later than the 180th day after the date the alleged unlawful employment practice occurred." Tex. Labor Code Ann. § 21.202(a). If that deadline is not met, "[t]he commission shall dismiss an untimely complaint." Tex. Labor Code Ann. § 21.202(b). Although "[f]iling a charge with the EEOC satisfies the complaint-filing requirement" under Texas law, "the 180-day time limit under the TCHRA still applies." *Trevino v. Mouser Elecs*., No. 4:22-CV-610-P, 2023 U.S. Dist. LEXIS 103192, at *7 (N.D. Tex. May 11, 2023) (citing *DaimlerChrysler Services*, 252 Fed. App'x at 683); *see also Urbina v. Spellman High-Voltage Elecs. Corp*., No. 1:25-cv-100, 2026 U.S. Dist. LEXIS 53875, at *11 (S.D. Tex. Jan. 22, 2026).

Everett filed her only charge on July 23, 2024. Am. Compl. ¶ 9. Her state law claims are therefore limited to conduct that occurred between January 25, 2024 and July 23, 2024. Everett appears to concede as much with respect to pre-January 2025 matters. *See id.* at ¶ 125. Conduct after July 23, 2024 is equally unexhausted, as her deadline to file a charge concerning, for example, her November 15, 2024 termination, was May 14, 2025. And where failure to exhaust "is established by the pleadings and other properly considered documents, as it is here, "then dismissal under Rule 12(b)(6) is appropriate." *See Mouser Elecs*., 2023 U.S. Dist. LEXIS 103192, at *8. Everett's efforts to turn her post-charge allegations into a "continuing violation" (*see* Am. Compl., at ¶ 125) do not alter the reality that her termination was a discrete act. *See Phillips v. Caris Life*

*Scis., Inc.*, 715 F. App'x 365, 369 (5th Cir. 2017) ("Termination is a discrete event for which a claimant must file a supplemental charge or amend the original EEOC charge."). The Court should accordingly decline to exercise supplemental jurisdiction.

## IV. Conclusion

For the foregoing reasons, Novo respectfully requests that the Court dismiss Everett's Complaint in its entirety, decline to exercise supplemental jurisdiction over her Texas Labor Code claims, and award Novo any other relief to which it may be entitled.

Respectfully submitted,

/s/ *Sara K. Harris*
Sara K. Harris
State Bar No. 24077389
Lauren Azopardi
State Bar No. 24115877
JACKSON WALKER LLP
777 Main Street, Ste. 2100
Fort Worth, Texas 76102-5360
Telephone – 817-334-7294
sharris@jw.com
lazopardi@jw.com
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

This is to certify that on August 25, 2026, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court, which will send notification of such filing to the following:

Angella Everett
Plaintiff Pro Se
1209 N. Saginaw Blvd. Ste G #145
Saginaw, Texas 76179

*/s/ Sara K. Harris*
Sara K. Harris