**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| ANGELLA EVERETT<br>PLAINTIFF | § <br>§ <br>§ | |
| VS. | § | CIVIL ACTION NO. 4:26-cv-150-0 |
| NOVO PLATFORM INC.,<br>DEFENDANT | § <br>§ <br>§ <br>§ | |

**APPENDIX TO DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Novo Platform Inc. ("Defendant" or "Novo") submits this Appendix in support of its Motion to Dismiss and Brief:

| | | | |
|---|---|---|---|
| 1. | Exhibit A | Declaration of Sara Harris | App 1-3 |
| 2. | Exhibit A-1 | Angella Everett's Complaint in Case No. 4:25cv1312 (without exhibits) (the "First Action") | App 4-9 |
| 3. | Exhibit A-2 | First Action Order and Notice of Deficiency (ECF No. 5) | App 10-16 |
| 4. | Exhibit A-3 | First Action Findings, Conclusions and Recommendations of the United States Magistrate Judge (ECF No. 6) | App 17-20 |
| 5. | Exhibit A-4 | First Action Order Accepting Findings and Recommendation of the United States Magistrate Judge | App 21-22 |
| 6. | Exhibit A-5 | Everett's EEOC Notice of Right to Sue | App 24-27 |

Respectfully submitted,

*/s/ Sara K. Harris*
Sara K. Harris
State Bar No. 24077389
Lauren Azopardi
State Bar No. 24115877
JACKSON WALKER LLP
777 Main Street, Ste. 2100
Fort Worth, Texas 76102-5360
Telephone – 817-334-7294
sharris@jw.com
lazopardi@jw.com
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

This is to certify that on August 25, 2026, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court, which will send notification of such filing to the following:

Angella Everett
Plaintiff Pro Se
1209 N. Saginaw Blvd. Ste G #145
Saginaw, Texas 76179

*/s/ Sara K. Harris*
Sara K. Harris

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| ANGELLA EVERETT<br>PLAINTIFF | §<br>§<br>§ | |
| VS. | § | CIVIL ACTION NO. 4:26-cv-150-0 |
| NOVO PLATFORM INC.,<br>DEFENDANT | §<br>§<br>§<br>§ | |

**<u>DECLARATION OF SARA HARRIS</u>**

1. My name is Sara Harris. I am over 18 years of age, of sound mind, and capable of making this declaration. The facts stated within this declaration are within my personal knowledge and are true and correct.

2. I am an attorney licensed to practice in the State of Texas and am a partner in the law firm of Jackson Walker LLP. I am counsel of record for Novo Platform, Inc. ("Novo") in the above-referenced proceeding. The facts stated herein are true and correct based on my knowledge from review of public records and documents provided to me by Novo.

3. On November 20, 2025, Plaintiff Angella Everett ("Plaintiff") filed an employment discrimination lawsuit against Novo in this Court, styled *Everett V. Novo Platform Inc*., Case No. 4:25cv1312 (the "First Action"). A true and correct copy of the Complaint in the First Action (without its exhibits) is attached here as <u>Exhibit A-1</u>.

4. On November 24, 2025, the Court in the First Action issued an Order and Notice of Deficiency (ECF No. 5), noting that Plaintiff had not paid the applicable filing and administrative fees or filed a long-form *in forma pauperis* application, which is required under the applicable rules and ordering plaintiff to either pay the total filing and administrative fees of $405.00 or complete all sections of the long-form IFP application and return it to the clerk of Court on or before December 8, 2025. A true and correct copy of that Order and Notice of Deficiency is attached here as <u>Exhibit A-2</u>.

5. On December 15, 2025, the Magistrate in the First Action issued Findings, Conclusions and Recommendations of the United States Magistrate Judge regarding Plaintiff's paid the applicable filing and administrative fees or filed a long-form *in forma pauperis* application, and recommending that the Court Dismiss Plaintiff's complaint, without prejudice, under Federal Rule of Civil Procedure 41(b). A true and correct copy of the Findings, Conclusions and Recommendations of the United States Magistrate Judge is attached here as <u>Exhibit A-3</u>.

6. On January 5, 2026, the Court in the First Action issued an Order Accepting Findings and Recommendation of the United States Magistrate Judge and dismissed Plaintiff's complaint in that case without prejudice. A true and correct copy of that Order is attached here as Exhibit A-4.

7. The EEOC issued a "Determination and Notice of Rights" including notice of right to sue, relating to Plaintiff's EEOC Charge, No. 520-2024-02399, on August 18, 2025 (the "NRTS"). Plaintiff attached the NRTS and correspondence from the EEOC dated August 7, 2025 to her complaint in the First Action as Exhibit 2. A true and correct copy of the NRTS EEOC correspondence is attached here as Exhibit A-5.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Tarrant County, Texas, on August 25, 2026.

Sara Harris

# EXHIBIT A-1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
NOV 20 2025
CLERK, U.S. DISTRICT COURT
By MW
Deputy

ANGELLA EVERETT,
Plaintiff,

v.
NOVO PLATFORM INC.,
Defendant.

Civil Action No. ____________ 4-25CV1312-O

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Plaintiff Angella Everett ("Plaintiff"), a woman located in Tarrant County, Texas, appearing in her proper person, brings this Complaint against Novo Platform Inc. ("Defendant" or "Company") and alleges as follows:

I. INTRODUCTION

1. This is a civil action for damages, equitable relief, and declaratory judgment arising from Defendant's sustained pattern of unlawful employment practices—including disability discrimination, retaliation, hostile treatment, wrongful demotion, and obstruction of Plaintiff's rights and access to evidence.

2. Plaintiff brings this action under:
- The Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq.
- Title I of the Civil Rights Act of 1991
- Texas Labor Code § 21.051 et seq.
- 28 U.S.C. §§ 2201–2202 (Declaratory Judgment Act)
- Common law claims for breach of implied contract, promissory estoppel, and constructive fraud

3. Plaintiff seeks back pay, front pay, declaratory and equitable relief, and any further remedy this Court deems just and proper.

II. JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343.
5. Supplemental jurisdiction over Texas state law claims is proper under 28 U.S.C. §

1367.
6. Venue is proper under 28 U.S.C. § 1391(b)(2), as all acts and omissions giving rise to these claims occurred in Fort Worth, Texas (Tarrant County), where Plaintiff was located and performed her work.

III. PARTIES

7. Plaintiff Angella Everett is a woman located in Tarrant County, Texas.
8. Defendant Novo Platform Inc. is headquartered in New York and conducts business in Texas, including employing remote workers in this District.

IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

9. Plaintiff timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission (EEOC) in 2024.
10. The EEOC issued a Right to Sue letter on August 18, 2025. This action is timely filed within 90 days of receipt.

V. STATEMENT OF FACTS

11. Plaintiff began her engagement with Defendant as a contractor through Justworks in October 2021 and was hired full-time in November 2022 as an Escalation Specialist (S-4).
12. In 2023, Compliance Manager Lori Lawhorn expressed interest in moving Plaintiff into Compliance. Lia Mebane, Plaintiff's lead, recommended her and shared her qualifications with Lawhorn. This is corroborated by internal communications.
13. Plaintiff repeatedly disclosed her disabilities and accommodation needs to HR Generalist Janet Hefferan. She possesses recordings of relevant meetings evidencing her requests and the employer's disregard.
14. On January 17, 2024, Plaintiff was demoted from S-4 to S-3 under duress. This followed her complaints and concerns about internal practices. There was no performance improvement plan or corrective counseling prior to the demotion. Plaintiff had never been formally written up at any time before this forced demotion.
15. Plaintiff's offer letter, signed November 3, 2022, promised a grant of 500 equity shares. No shares were ever issued or vested. Plaintiff was never informed of any Board denial or change in her eligibility.
16. In March 2024, Plaintiff went on approved mental health leave and was granted short-term disability (STD) benefits through MetLife. She later transitioned into long-term disability (LTD), which remained active through her termination.
17. On November 15, 2024, while still on LTD leave, Defendant terminated Plaintiff and simultaneously executed remote lockouts on her company-issued MacBook and Chromebook. Plaintiff believes this action was taken to suppress or destroy evidence supporting her claims, as other employees were allowed to retain access and no

explanation was given.
18. That same day, Plaintiff was presented with a severance offer by Janet Hefferan. The offer demanded Plaintiff waive all claims, including her EEOC charge, and hold Novo harmless. She declined. The link later expired, but email records confirm the attempt.
19. Defendant also demanded return of all equipment as a condition of severance. Carrington Miller, a named witness in Plaintiff's EEOC filing, was terminated after Plaintiff and was allowed to keep his company-issued device. This disparity in treatment supports pretext and obstruction.
20. In early February 2024, Plaintiff was ill and provided two physician's notes excusing her absences. Despite this, she was harassed by HR and team lead Madeline Eckhart and formally disciplined. At that time, Defendant maintained an unlimited PTO policy, which was selectively ignored in Plaintiff's case.
21. Plaintiff and at least one colleague received written threats of harm while handling customer-facing support tickets. Plaintiff worked remotely, yet Defendant failed to involve law enforcement, notify authorities, or offer counseling or any safety response despite full awareness of the threats.
22. During her tenure, Plaintiff was assigned to Compliance-related functions, and her name appeared on tickets routed to the Compliance group. Despite this, Defendant later told Plaintiff she was "unqualified" for Compliance roles—contradicting documentation of her active participation.
23. These actions caused Plaintiff severe mental and emotional harm and contributed to an intolerable work environment amounting to constructive discharge.

## VI. CAUSES OF ACTION

Count I – Disability Discrimination (ADA, Texas Labor Code § 21.051)
Count II – Failure to Accommodate
Count III – Retaliation for Protected Activity
Count IV – Hostile Work Environment
Count V – Breach of Implied Contract (Equity Promise)
Count VI – Promissory Estoppel (Unvested Stock)
Count VII – Constructive Fraud / Misrepresentation
Count VIII – Declaratory Judgment (28 U.S.C. §§ 2201–2202)
Count IX – Spoliation / Obstruction of Evidence

## VII. PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court:

A. Enter judgment in her favor on all counts;
B. Award front pay and back pay, with interest;
C. Award compensatory and consequential damages;

D. Declare Plaintiff's legal rights regarding promised equity compensation;
E. Order an equitable accounting of all equity-related records and rights;
F. Award restitution or impose a constructive trust over any withheld compensation or vested interests;
G. Award costs and attorney's fees as provided by law;
H. Grant any other relief this Court deems just and proper.

All rights reserved. Without prejudice.

By: Angella: Everett

ANGELLA EVERETT
Appearing in propria persona

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff: Tarrant County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: New York County
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
In Propria Persona – Angella Everett
c/o 1209 N. Saginaw Blvd. Ste. G #145
Saginaw, Texas [76179]

Attorneys *(If Known)*
Unknown

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)* — Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☑ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☑ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☑ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**
Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**V. ORIGIN** *(Place an "X" in One Box Only)*
☑ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from Another District *(specify)* ☐ 6 Multidistrict Litigation - Transfer ☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Brief description of cause: Americans with Disabilities Act, Civil Rights Act of 1991, Texas Labor Code Chapter 21

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P. DEMAND $ CHECK YES only if demanded in complaint: JURY DEMAND: ☐ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** *(See instructions)*: JUDGE DOCKET NUMBER

DATE: 11/16/2025 SIGNATURE OF ATTORNEY OF RECORD: Angella: Everett, In Propria Persona

FOR OFFICE USE ONLY

RECEIPT # AMOUNT APPLYING IFP JUDGE MAG. JUDGE

**EXHIBIT A-1** **APPENDIX 9**

# EXHIBIT A-2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **ANGELLA EVERETT,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:25-cv-1312-O-BP** |
| | § | |
| **NOVO PLATFORM INC.,** | § | |
| | § | |
| **Defendant.** | § | |

**<u>ORDER AND NOTICE OF DEFICIENCY</u>**
(With Special Instructions to the clerk of Court)

Plaintiff Angella Everett, proceeding *pro se*, filed this civil complaint on November 20, 2025. She also filed a motion seeking proceed *in forma pauperis* ("IFP"). After review, the following deficiencies appear:

( **X** ) Plaintiff has not paid the applicable filing and administrative fees or filed a long-form IFP application, which is required. *See* N.D. Tex. Misc. Order No. 15; *see also* 28 U.S.C. §§ 1914, 1915. In order for the Court to determine whether Plaintiff is eligible to proceed IFP, she must provide complete and accurate answers to **<u>all</u>** of the questions listed on the long-form IFP application.

**The clerk of Court shall take the following action:**

( **X** ) A copy of this order shall be mailed to Plaintiff. No further process shall issue except upon order of the Court.

( **X** ) A long-form IFP application to proceed in district court without prepaying fees or costs (labeled with this case number) shall be mailed to Plaintiff along with a copy of this order.

It is hereby **ORDERED** that Plaintiff shall either pay the total filing and administrative fees of $405.00 or complete all sections of the long-form IFP application and return it to the clerk of Court **on or before December 8, 2025**. **Failure to timely pay the applicable fees or file a complete IFP application by December 8, 2025 could result in dismissal of this case without further notice.** *See* Fed. R. Civ. P. 41(b). *See Hickerson v. Christian*, 283 F. App'x 251, 253 (5th Cir. 2008) (A district court may sua sponte dismiss an action for failure to prosecute under Rule 41(b)); *see also Link v. Wabash R. Co.*, 370 U.S. 626 (1962) (a court may dismiss for lack of prosecution under its inherent authority).

It is so **ORDERED** on November 24, 2025.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

AO 239 (Rev. 12/13) Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)

# UNITED STATES DISTRICT COURT

for the

| | | |
|---|---|---|
| ______________________ Plaintiff/Petitioner | ) | |
| v. | ) | Civil Action No. 4:25-cv-01312-O-BP |
| ______________________ Defendant/Respondent | ) | |

## APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (Long Form)

**Affidavit in Support of the Application**

I am a plaintiff or petitioner in this case and declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief requested. I declare under penalty of perjury that the information below is true and understand that a false statement may result in a dismissal of my claims.

Signed: ______________________

**Instructions**

Complete all questions in this application and then sign it. Do not leave any blanks: if the answer to a question is "0," "none," or "not applicable (N/A)," write that response. If you need more space to answer a question or to explain your answer, attach a separate sheet of paper identified with your name, your case's docket number, and the question number.

Date: ______________________

1. For both you and your spouse estimate the average amount of money received from each of the following sources during the past 12 months. Adjust any amount that was received weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate. Use gross amounts, that is, amounts before any deductions for taxes or otherwise.

| **Income source** | **Average monthly income amount during the past 12 months** | | **Income amount expected next month** | |
|---|---|---|---|---|
| | You | Spouse | You | Spouse |
| Employment | $ | $ | $ | $ |
| Self-employment | $ | $ | $ | $ |
| Income from real property *(such as rental income)* | $ | $ | $ | $ |
| Interest and dividends | $ | $ | $ | $ |
| Gifts | $ | $ | $ | $ |
| Alimony | $ | $ | $ | $ |
| Child support | $ | $ | $ | $ |

| | | | | |
|---|---|---|---|---|
| Retirement *(such as social security, pensions, annuities, insurance)* | $ | $ | $ | $ |
| Disability *(such as social security, insurance payments)* | $ | $ | $ | $ |
| Unemployment payments | $ | $ | $ | $ |
| Public-assistance *(such as welfare)* | $ | $ | $ | $ |
| Other *(specify)*: | $ | $ | $ | $ |
| **Total monthly income:** | $ | $ | $ | $ |

2. List your employment history for the past two years, most recent employer first. *(Gross monthly pay is before taxes or other deductions.)*

| Employer | Address | Dates of employment | Gross monthly pay |
|---|---|---|---|
| | | | $ |
| | | | $ |

3. List your spouse's employment history for the past two years, most recent employer first. *(Gross monthly pay is before taxes or other deductions.)*

| Employer | Address | Dates of employment | Gross monthly pay |
|---|---|---|---|
| | | | $ |
| | | | $ |
| | | | $ |

4. How much cash do you and your spouse have? $ ____________________

Below, state any money you or your spouse have in bank accounts or in any other financial institution.

| Financial institution | Type of account | Amount you have | Amount your spouse has |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

If you are a prisoner, you must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts. If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account.

5. List the assets, and their values, which you own or your spouse owns. Do not list clothing and ordinary household furnishings.

| **Assets owned by you or your spouse** | |
|---|---|
| Home *(Value)* | $ |
| Other real estate *(Value)* | $ |
| Motor vehicle #*1* *(Value)* | $ |
| Make and year: | |
| Model: | |
| Registration #: | |
| Motor vehicle #*2* *(Value)* | $ |
| Make and year: | |
| Model: | |
| Registration #: | |
| Other assets *(Value)* | $ |
| Other assets *(Value)* | $ |

6. State every person, business, or organization owing you or your spouse money, and the amount owed.

| **Person owing you or your spouse money** | **Amount owed to you** | **Amount owed to your spouse** |
|---|---|---|
| | **$** | **$** |
| | **$** | **$** |
| | **$** | **$** |

7. State the persons who rely on you or your spouse for support.

| **Name** (or, if under 18, initials only) | **Relationship** | **Age** |
|---|---|---|
| | | |
| | | |
| | | |

8. Estimate the average monthly expenses of you and your family. Show separately the amounts paid by your spouse. Adjust any payments that are made weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate.

| | You | Your spouse |
|---|---|---|
| Rent or home-mortgage payment *(including lot rented for mobile home)*<br>Are real estate taxes included? ❐ Yes ❐ No<br>Is property insurance included? ❐ Yes ❐ No | $ | $ |
| Utilities *(electricity, heating fuel, water, sewer, and telephone)* | $ | $ |
| Home maintenance *(repairs and upkeep)* | $ | $ |
| Food | $ | $ |
| Clothing | $ | $ |
| Laundry and dry-cleaning | $ | $ |
| Medical and dental expenses | $ | $ |
| Transportation *(not including motor vehicle payments)* | $ | $ |
| Recreation, entertainment, newspapers, magazines, etc. | $ | $ |
| Insurance *(not deducted from wages or included in mortgage payments)* | | |
| Homeowner's or renter's: | $ | $ |
| Life: | $ | $ |
| Health: | $ | $ |
| Motor vehicle: | $ | $ |
| Other: | $ | $ |
| Taxes *(not deducted from wages or included in mortgage payments) (specify)*: | $ | $ |
| Installment payments | | |
| Motor vehicle: | $ | $ |
| Credit card *(name)*: | $ | $ |
| Department store *(name)*: | $ | $ |
| Other: | $ | $ |
| Alimony, maintenance, and support paid to others | $ | $ |

| | | |
|---|---|---|
| Regular expenses for operation of business, profession, or farm *(attach detailed statement)* | $ | $ |
| Other *(specify)*: | $ | $ |
| **Total monthly expenses:** | $ 0 | $ 0 |

9. Do you expect any major changes to your monthly income or expenses or in your assets or liabilities during the next 12 months?

   ❒ Yes ❒ No If yes, describe on an attached sheet.

10. Have you spent — or will you be spending — any money for expenses or attorney fees in conjunction with this lawsuit? ❒ Yes ❒ No

    If yes, how much? $ ____________________

11. Provide any other information that will help explain why you cannot pay the costs of these proceedings.

12. Identify the city and state of your legal residence.

Your daytime phone number: ____________________

Your age: ________ Your years of schooling: __________

Last four digits of your social-security number: __________

Print | Save As... | Add Attachment | Reset

# EXHIBIT A-3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **ANGELLA EVERETT,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:25-cv-01312-O-BP** |
| | § | |
| **NOVO PLATFORM INC.,** | § | |
| | § | |
| **Defendant.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

On November 20, 2025, *pro se* Plaintiff Angella Everett filed a civil complaint, and this case was referred to the undersigned for judicial screening pursuant to 28 U.S.C. § 636(b) and Special Order 3. ECF Nos. 1, 3. She also filed a motion seeking to proceed *in forma pauperis* ("IFP"). ECF No. 2.

The findings, conclusions and recommendation of the United States Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS

A. NATURE OF THE CASE

This case is a new civil action.

B. PARTIES

Angella Everett is the plaintiff. She names Novo Platform Inc. as the sole defendant.

C. LEGAL ANALYSIS

To proceed with a civil action in this court, a plaintiff must either pay the $405.00 filing and administrative fees or be granted permission to proceed IFP. *See* 28 U.S.C. §§ 1914, 1915. On November 24, after reviewing Plaintiff's IFP motion, the Court determined that it was deficient because Plaintiff did not use long-form IFP application required by the Court. ECF No. 5. The

Court ordered Plaintiff to either pay the $405.00 filing and administrative fees or file a complete long-form IFP application by December 8. *Id.* The Court provided Plaintiff the form necessary to comply and warned her that failure to do so could result in dismissal of this case without further notice for failure to prosecute or failure to obey a court order. *Id.*

Rule 41(b) permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). The deadline for Plaintiff to comply with the Court's order expired. To date, Plaintiff has not complied with the Court's order, sought an extension of time to do so, or otherwise attempt to cure her outstanding filing deficiency. Because Plaintiff has not paid the requisite fees or obtained permission to proceed IFP, this case is subject to dismissal for failure to comply with Court order and for lack of prosecution under Rule 41(b).

## RECOMMENDATION

The undersigned therefore **RECOMMENDS** that the Court **DISMISS** Plaintiff's complaint for lack of prosecution or failure to comply with a court order, without prejudice to being refiled. *See* Fed. R. Civ. P. 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation **within fourteen (14) days** after the party has been served with a copy of this document. The United States District Judge need only make a de novo determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a

proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute* 28 U.S.C. § 636(b)(1) (extending the deadline to file objections from ten to fourteen days).

**SIGNED** on December 15, 2025.

Hal R. Ray, Jr.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A-4

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **ANGELLA EVERETT,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:25-cv-01312-O-BP** |
| | § | |
| **NOVO PLATFORM INC.,** | § | |
| | § | |
| **Defendant.** | § | |

**ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

The United States Magistrate Judge made Findings, Conclusions, and a Recommendation in this case. No objections were filed. The Chief United States District Judge reviewed the proposed Findings, Conclusions, and Recommendation for plain error. Finding none, the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge.

It is therefore **ORDERED** that this action is **DISMISSED without prejudice** pursuant to Federal Rule of Civil Procedure 41(b).

**SO ORDERED** this 5th day of **January, 2026**.

Reed O'Connor
CHIEF UNITED STATES DISTRICT JUDGE

# EXHIBIT A-5

**Exhibit 2**

EEOC Dismissal and Right-to-Sue Letter (August 18, 2025)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**San Antonio Field Office**
5410 Fredericksburg Road, Suite 200
San Antonio, TX 78229
(210) 640-7530
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 08/18/2025

**To:** Angella Everett
P.O. Box 12108
Austin, TX 78711

Charge No: 520-2024-02399

EEOC Representative and email: Esther Ferreira
Investigator
esther.ferreira@eeoc.gov

---

## DETERMINATION AND NOTICE OF RIGHTS

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 520-2024-02399

On behalf of the Commission,

Esther Ferreira — Digitally signed by Esther Ferreira Date: 2025.08.18 16:19:11 -05'00'

*for* Norma J. Guzman
Field Director

**Cc:**
Max Hutchison
123 William St, Fl 19
New York, NY 10038

Please retain this Notice for your records.

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**San Antonio Field Office**

5410 Fredericksburg Road, Suite 200
San Antonio, TX 78229-3555
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
San Antonio Direct Dial: (210) 640-7530
FAX (210) 281-2522
Website: www.eeoc.gov

August 7, 2025

Angella Everett
P.O. Box 12108
Austin, TX 78711

Subject: Dismissal of Charge
EEOC Charge No.: 520-2024-02399
Respondent: Novo Platform, Inc.

Dear Ms. Everett,

The purpose of this letter is to inform you that the EEOC has concluded its investigation of the above referenced charge of employment discrimination. The evidence currently on file does not support your claims of discrimination based on age, race, disability and retaliation. The evidence on file supports that the individual you allege promised you a promotion does not have hiring authority and therefore was not able to grant that employment decision. In addition, there is no evidence on file to support that the proper member of management with hiring authority offered you a promotion and then failed to promote you. A referral for a position is not congruent with a job promotion offer. There is no evidence on file to support that the alleged harassment by another employee was severe or pervasive, as required by the law. There is no evidence on file to support that you reported the alleged harassment by another employee, and that the Respondent failed to take corrective action. There is no evidence on file to support that you were subjected to different terms and conditions of employment than employees outside of your protected classes. The changes in duties regarding calls was placed on your entire team, including members outside of you protected age, race, and disability classes. There is insufficient evidence on file to support that you were subjected to employment harm solely because of discrimination or retaliation.

**There is no evidence on file to support that Respondent engaged in any discriminatory or retaliatory behavior in violation of laws covered by the EEOC. Consequently, the EEOC is dismissing this case, and no further action will be taken.**

We fully understand that the parties to a charge often have very firm views that the available evidence supports their respective positions. Our final determinations must comport with our interpretation of the available evidence and use of our resources.

The Dismissal and Notice of Right to Sue will explain the right to pursue the matter in court. If you want to pursue the charge, you may do so by filing in Federal District Court within 90 days of receipt of the Notice. *If you do not file a lawsuit within the required 90-day period, Charging Party's right to file a lawsuit in this matter will expire and cannot be restored by EEOC.*

Sincerely,

Esther Ferreira
Federal Investigator